INTERSTATE HOLDING CORPORATION et al., Appellants, *v.* GEORGE J. HAMMERMAN et al., Respondents, et al., Defendants.

*Per Curiam.* On the appeals before us, we have presented solely the question of the correctness of the judgment and order dismissing the first and second causes of action in the complaint. The third cause of action was also dismissed by the second order with leave to replead but that part of such order is not appealed from and the sufficiency of the third cause of action is not presented in these appeals.

We think the first cause of action as it is now pleaded upon the theory of alleged economic duress cannot be sustained; and as the second cause of action is in conspiracy to accomplish the matters contained in the first, the second cause of action under the present pleading cannot be sustained.

However, we think the first two causes of action should not have been dismissed on the merits without leave to amend or replead. While neither of those causes of action has any allegation that defendant Berger agreed to execute the acknowledgment of assignment of the loan to defendant Hammerman, recognizing Hammerman as the assignee and acknowledging that all sums of money due had been paid and no advances made except the sums in the loan agreement, such allegations are contained in the third cause of action against defendant Berger. Plaintiffs should be permitted to replead and be given thus an opportunity to incorporate the above allegations in the pleading and allege facts showing defendants' breach or breaches of contract and obstructions placed by defendants to prevent plaintiffs' performance thereof.

The judgment appealed from in favor of defendant Hammerman should be reversed, without costs; the order of December 8, 1950, granting the motion of defendant Hammerman to dismiss the first and second causes of action as to said defendant, on the merits and without leave to amend, and the order of January 3, 1951, granting the motion of defendant Joseph Berger to dismiss the second cause of action, as to said defendant, should both be modified, so as to grant plaintiffs leave to replead and as so modified, affirmed, without costs.

Peck, P. J., Dore, Cohn and Van Voorhis, JJ., concur.

Judgment in favor of defendant Hammerman unanimously reversed, without costs; the order of December 8, 1950, granting the motion of defendant Hammerman to dismiss the first and second causes of action as to said defendant, on the merits and without leave to amend, and the order of January 3, 1951, granting the motion of defendant Joseph Berger to dismiss the second cause of action, as to said defendant, unanimously modified so as to grant plaintiffs leave to replead and, as so modified, affirmed, without costs. Settle order on notice.